UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID GUNDERSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>KLONDEX MINES LTD., RICHARD J. HALL, BLAIR SCHULTZ, RODNEY COOPER, MARK DANIEL, JAMIE HAGGARTY, PAUL ANDRE HUET, WILLIAM MATLACK, CHARLES OLIVER, HECLA MINING COMPANY, and 1156291 B.C. UNLIMITED LIABILITY COMPANY,<br><br>Defendants. | Case No. 3:18-cv-00256-LRH-CBC<br><br>ORDER |
| JOHN D. LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>KLONDEX MINES LTD., RODNEY COOPER, MARK DANIEL, JAMIE HAGGARTY, RICHARD J. HALL, PAUL ANDRE HUET, WILLIAM MATLACK, CHARLES OLIVER, and BLAIR SCHULTZ,<br><br>Defendants. | Case No. 3:18-cv-00284-LRH-CBC<br><br>ORDER |

| NELSON BAKER, On Behalf of Himself and All Others Similarly Situated, | Case No. 3:18-cv-00288-LRH-CBC |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| KLONDEX MINES LTD., RICHARD J. HALL, PAUL HUET, WILLIAM MATLACK, CHARLES OLIVER, BLAIR SCHULTZ, RODNEY COOPER, MARK DANIEL, and JAMES HAGGARTY, | |
| Defendants. | |

Before the court are two motions to Consolidate, for Appointment of Lead Plaintiff, and Approval of Selection of Counsel. The motions were filed by plaintiff John D. Lawson (ECF No. 15),[1] and plaintiff Nelson Baker on behalf of himself and others similarly situated, (ECF No. 16). The plaintiffs in *Gunderson* ("Gunderson plaintiffs") have not opposed the motions and have not motioned the court to act as lead plaintiff. Defendants Klondex Mines, Ltd. ("Klondex"), Richard J. Hall, Blair Schultz, Rodney Cooper, Mark Daniel, James Haggarty, Paul Andre Huet, William Matlack, Charles Oliver, Hecla Mining Company ("Hecla"), and 1156291 B.C. Unlimited Liability Company (collectively "defendants")[2] have not opposed either motion. Plaintiffs each responded and replied accordingly to each motion. ECF Nos. 17, 18, 19, 20. The court now grants Lawson's motion to consolidate, appoints him lead plaintiff, and approves his chosen counsel as lead and liaison counsel.

**I.  Facts and Background**

This is a federal securities class action filed by and on behalf of investors of Klondex who allege violations of the Securities and Exchange Act of 1934 and of the U.S. Securities and Exchange Commission Rules based on the then proposed merger of Klondex with Hecla and 1156291 B.C. Unlimited Liability Company. ECF No. 1 ¶ 1. The plaintiffs allege the Definitive

---

[1] For clarity's sake, this Order refers to the ECF document numbers in *Lawson*, Case No. 3:18-cv-00284, unless otherwise noted. Specific rulings on all three cases will be found in the conclusion.
[2] Hecla Mining Company and 1156291 B.C. Unlimited Liability Company are only named defendants in the *Gunderson* Complaint.

2

Proxy Statement filed by Klondex was materially deficient and misleading and that it did not provide stockholders with the necessary information to make an informed vote on the merger. *Id.* ¶¶ 3, 25. As a result of the proposed sale, five different federal securities class actions were filed against defendants in this federal court between May and June, 2018.[3]

Baker filed a motion to enjoin the vote on the proposed merger on June 20, 2018. *Baker*, ECF No. 5. Following oral argument, the court found that Baker had not demonstrated that he would suffer irreparable harm if the preliminary injunction was not issued and declined to enjoin the shareholder vote. *Baker*, ECF No. 26, 27.

Baker now moves this court to (1) consolidate this matter with the two related cases before the court; (2) appoint him Lead Plaintiff; and (3) appoint his chosen counsel, Kahn Swick & Foti, LLC and Monteverde & Associates PC, as co-lead counsel and Muckleroy Lunt, LLC as liaison counsel. ECF No. 16.[4] Plaintiff John D. Lawson also moves this court to consolidate these three cases but moves to appoint himself lead plaintiff and his chosen counsel Levi & Korsinsky, LLP ("LK") as class counsel and Aldrich Law as liaison counsel. ECF No. 15.[5]

## II. DISCUSSION

### A. The court grants plaintiff Lawson's motion to consolidate.

Federal Rule of Civil Procedure 42 allows a court to consolidate two or more actions that involve a common question of law or fact. Fed. R. Civ. P. 42(a); *see also* LR 42-1. The court has broad discretion under Rule 42 to determine whether to consolidate actions pending in the same district. *See Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). In determining if consolidation is proper, "[t]he court should weigh the time and effort that consolidation would save against any inconvenience, delay, or expense it would cause" as well as the specific risks of prejudice and confusion. *Narvaes v. EMC Mortg. Corp.*, No. CIV 07-00621 HG-LEK, 2009 WL 1269733, at *2 (D. Haw. May 1, 2009).

---

[3] *Assad v. Klondex Mines Ltd. et al.*, Case No. 2:18-cv-00165 (June 13, 2018) and *Chandra v. Klondex Mines Ltd.*, Case No. 3:18-cv-00305 (June 25, 2018) were both voluntarily dismissed prior to this motion.
[4] *Gunderson*, ECF No. 9; *Baker*, ECF No. 35.
[5] *Gunderson*, ECF No. 8; *Baker*, ECF No. 34.

3

Under Rule 42, the court now consolidates the three aforementioned matters. "Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditures of time and money for all parties involved." *Miami Police Relief & Penson Fund v. Fusion-io, Inc.*, Case No. 13-CV-05368-LHK, 2014 WL 2604991, at *3, (N.D. Cal. June 10, 2014). Here, consolidation is proper because the three matters all allege the same or similar shareholder class action claims against defendants for violations stemming from the same proposed transaction. Additionally, as none of these cases have yet to begin discovery, consolidation at this stage will reduce duplication and minimize expenditures for all parties. Further, neither plaintiffs nor defendants oppose consolidation. The court therefore consolidates the three matters based on the overlapping questions of law and of fact and in the interests of judicial economy and efficiency under Rule 42(a).

**B. The court appoints plaintiff Lawson as lead plaintiff.**

Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), the court must select the lead plaintiff that is "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the statute, "most capable" is read as the plaintiff "who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). The PSLRA sets out a three-step process that the court must follow when selecting a lead plaintiff.

First, the plaintiff to first file an action must post notice of the pending action "in a widely circulated national business-oriented publication or wire service," which must state that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, the Gunderson plaintiffs were the first to file; however, they did not post notice. Rather, Baker posted the required notice in the *Globe Newswire* on July 23, 2018. *See* ECF No. 15-1, 16-3. On September 21, 2018, both Lawson and Baker timely moved for appointment as lead plaintiff under the PSLRA requirements and provided the necessary certifications under the statute. *See* ECF No. 15-1, 16-4.

1 | Second, the court must determine which plaintiff is presumptively most adequate. This plaintiff will have (1) filed the complaint or motioned the court following notice; (2) "the largest financial interest in the relief sought by the class;" and (3) otherwise satisfy Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). To determine the largest financial interest, "the court may select accounting methods that are both rational and consistently applied." *Cavanaugh*, 306 F.3d at 730 n.4. Once the court identifies the plaintiff with the largest financial interest, the court "must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* at 730 (emphasis in original). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks omitted). The adequacy requirement is satisfied by showing the plaintiff and his or her counsel do not "have any conflicts of interest with other class members," and are able and willing to "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Here, undisputed by Baker, the plaintiff with the largest financial interest is Lawson: he owns 28,325 shares, Baker owns 12,014 shares, and Gunderson owns 1,905 shares of Klondex stock. ECF No. 15 at 6. The court finds number of shares a rational calculation of financial interest in this litigation. Baker argues that because both potential lead plaintiffs are individuals, rather than large investor groups, the court should simply consider this as one of many factors. However, to follow Baker's reasoning here would be directly contradictory to Ninth Circuit precedent. The Court in *Cavanaugh* specifically rejected this exact same argument: "Congress enacts statutes, not purposes, and courts may not depart from the statutory text because they believe some other arrangement would better serve the legislative goals." *Cavanaugh*, 306 F.3d at 731-32. Rather, the "*only* basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy." *Id.* at 732 (emphasis in the original).

Finding Lawson has the largest financial interest, the court now considers whether he meets the Rule 23 requirements. Lawson fits the requirement of typicality: as a shareholder, he alleges he has suffered the same injury as other absent shareholders. His alleged injury stems from the same events—the proposed merger and the issuance of the allegedly materially deficient and misleading proxy statement—as other class members. And he alleges the same or substantially similar claims based on the same or similar legal theories as the other class members. Further, Lawson is adequate. There is no evidence in the record that shows he has any conflict or special defense that puts his interests at odds with those of the other plaintiffs. By filing his motion with the court to be appointed as lead plaintiff by the required deadline—September 21, 2018—and certifying under penalty of perjury that he is willing to serve as class representative, Lawson has shown his willingness and ability to prosecute this action.

The final step of the analysis allows other plaintiffs the opportunity to rebut the presumption that the plaintiff with the largest financial interest satisfies the requirements of typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). To rebut the presumption, it must be proved that the plaintiff "will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). While "[t]he district court has latitude as to what information it will consider in determining typicality and adequacy," it is not for the court to determine which plaintiff is "more typical" or "more adequate." *Cavanaugh*, 306 F.3d at 732. If the plaintiff with the largest losses satisfies the Rule 23 requirements, the court must appoint him lead even if the "court is convinced that some other plaintiff would do a better job." *Id.*

Baker argues that he has rebutted the presumption by showing that Lawson has failed to zealously prosecute the case: it was Baker who (1) filed the required notice to other plaintiffs via *Globe Newswire* after the Gunderson plaintiffs failed to do so, (2) filed a motion for a preliminary injunction, and (3) argued that motion before this court. While the court recognizes that Baker has zealously advocated for the class thus far, it has not been shown that Lawson is inadequate or atypical under the statute going forward. *See In re Outerwall Inc. Stockholder Litigation*, Case No. C16-1275JLR, 2017 WL 881382, at *7 (W.D. Wash. March 6, 2017) (the

6

1   plaintiff attempting to rebut the presumption must prove that the presumed lead plaintiff "will

2   not be a fair and adequate lead plaintiff going forward"). The court is not persuaded that Lawson

3   will not adequately protect the interests of the class or is subject to a unique defense. Simply

4   because Baker has been more zealous in prosecuting this case to date does not prove Lawson is

5   inadequate. Accordingly, the court grants Lawson's motion and appoints him lead plaintiff.

**C. The court approves plaintiff Lawson's choice of counsel.**

The Court must also appoint class counsel that will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). Under the PSLRA, the lead plaintiff is entitled to select and retain counsel to represent the class, subject to approval of the court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Although the district court has discretion, the PSLRA "clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d at 734 (citing 15 U.S.C. § 78u-4(a)(3)(B)(v)). Further, so long as "the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009).

Lawson seeks to appoint LK as lead counsel and Aldrich Law as liaison counsel. To support the qualifications of selected counsel, Lawson produced information regarding LK's experience litigating securities fraud class actions and corporate governance and derivative litigation and included both firms' resumés. Accordingly, the court finds no reason that Lawson's choice of LK as class counsel and Aldrich Law as liaison counsel will not fairly and adequately represent the interests of the class, and therefore approves both as motioned.

**III.   CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff Lawson's motion to consolidate, be appointed lead plaintiff, and appoint lead and liaison counsel (ECF No. 15) is **GRANTED**. The court instructs the clerk of the court to consolidate this matter with *Gunderson v. Klondex Mines LTD. et al*, case number 3:18-cv-00256-LRH-CBC, and *Baker v. Klondex Mines LTD., et al.*, case number 3:18-cv-00288-LRH-CBC.

///

///

IT IS FURTHER ORDERED that all parties shall file any actions pertaining to this class action in *Lawson*, No: 3:18-cv-00284.

IT IS FURTHER ORDERED that Lawson is to properly serve notice on all defendants within 60 days of this Order.

IT IS FURTHER ORDERED that Baker's motion to consolidate, be appointed lead plaintiff, and appoint lead and liaison counsel (ECF No. 16) is **DENIED**.

The court's additional holdings are described below:

**a.** *Gunderson v. Klondex Mines et. al.*, **No. 3:18-cv-00256**

IT IS ORDERED that plaintiff Lawson's motion to consolidate, be appointed lead plaintiff, and appoint lead and liaison counsel (ECF No. 8) is **GRANTED**.

IT IS FURTHER ORDERED that the Baker plaintiffs' motion to consolidate, be appointed lead plaintiff, and appoint lead and liaison counsel (ECF No. 9) is **DENIED**.

**b.** *Baker v. Klondex Mines et. al.*, **No 3:18-cv-00288**

IT IS ORDERED that plaintiff Lawson's motion to consolidate, be appointed lead plaintiff, and appoint lead and liaison counsel (ECF No. 34) is **GRANTED**.

IT IS FURTHER ORDERED that the Baker plaintiffs' motion to consolidate, be appointed lead plaintiff, and appoint lead and liaison counsel (ECF No. 35) is **DENIED**.

IT IS SO ORDERED.

DATED this 18th day of December, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE